UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>           Plaintiff, )<br>                               )<br>-v-                           )<br>                               )<br>SHAMEKIA LIPTROT, )<br>           Defendant. )<br>_____) | No. 1:18-cr-167<br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Shamekia Liptrot asks the Court for a compassionate release. (ECF No. 1312.) Because Defendant has not established extraordinary and compelling reasons, the Court concludes she is not eligible for compassionate release and will deny the motion.

Defendant pled guilty to unlawful use of a communication facility. Specifically, the Government alleged she used a cell phone to facilitate the commission of a crime involving controlled substances. In January 2020, the Court sentenced Defendant to 30 months imprisonment.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). In the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i), the provision authorizing compassionate release. Prior to the amendments, only the BOP could file a motion with the Court seeking compassionate release. *See, e.g., Crowe v. United States*, 430 F. App'x 484, 484-85 (6th Cir. 2011) (per

curiam). As amended, the statute now permits prisoners to file a motion with the court, subject to certain limitations. The statute allows a prisoner to seek relief in the courts "after the defendant has exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.SC. § 3582(c)(1)(A). The Sixth Circuit interprets the exhaustion requirement as a mandatory claims-processing requirement. *United States v. Alam,* 690 F.3d 831, 833 (6th Cir. 2020).

The compassionate release provision requires (1) a finding of "extraordinary and compelling reasons," for a sentence reduction, (2) a finding that the reduction is consistent with applicable Sentencing Commission policy statements, and (3) a consideration the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones,* —F.3d—, 2020 WL 6817844, at *5; *United States v. Ruffin,* 978 F.3d 1000, 1004-05 (6th Cir. 2020). In *Jones,* the Sixth Circuit found that the policy statement issued by the Sentencing Commission, § 1B1.13, is not applicable to motions filed by prisoners. *Jones,* 2020 WL 6817488, at *7. The court stated that, until the Sentencing Commission updates its policy statement to reflect the First Step Act, district courts may "skip" step two of the inquiry. *Id.* at *9. The decision to grant or deny a motion for compassionate release falls with the district court's discretion. *Id.*

A. Extraordinary and Compelling Reasons

Defendant has not met her burden to demonstrate extraordinary and compelling reasons. The Court concludes that the general threat of an infection from the COVID-19

virus, even in a prison setting, does not meet the extraordinary and compelling reasons requirement. All inmates face that threat. In her motion, Defendant asserts that she suffers from post traumatic stress disorder, anxiety, severe depression, and is borderline obese. (PageID.14966.) The Center for Disease Control has not recognized any of those health conditions as associated with a higher risk of infection from the COVID-19 virus or with a more severe illness should one become infected with the virus. Of those conditions, the CDC mentions only obesity, and does not indicate a high risk associated with borderline obesity.

### B.  Section 3553(a) Factors

The Court also finds that the § 3553(a) factors weigh against early termination of her sentence. The Court granted Defendant's unopposed motion for a variance and sentenced Defendant well below the advisory guideline range. Defendant had no criminal history. She served this country in the United States Air Force. As set forth in the presentence report, Defendant likely became involved in a large criminal conspiracy because of her relationship with her father. Defendant was well aware of her father's criminal past and, prior to this conviction, appeared to have avoided following his path. The below guideline sentence took these factors into account. The Court is also aware of Defendant's educational efforts since beginning her term of imprisonment. Those efforts, however, cannot undo the past. The court also finds that Defendant has served less than half of her sentence and early termination would create disparities with the sentences imposed on other defendants for the same crime.

For these reasons, the Court **DENIES** Defendant's motion for compassionate release. (ECF No. 1312.)

**IT IS SO ORDERED.**

Date: December 16, 2020                                    /s/ Paul L. Maloney
                                                                                               Paul L. Maloney
                                                                                                United States District Judge